IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

REGGIE L. TOWNSEND,

                                              ORDER

               Plaintiff,

                                    12-cv-896-bbc

       v.

CAPTAIN PULVER, MARK CLEMENTS,
CAPTAIN SCHUELER, 1ST SHIFT SGT.
and SECOND SHIFT SGT.,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Reggie Townsend has filed a proposed a complaint under 42 U.S.C. § 1983 about his conditions of confinement while he was housed at the Fox Lake Correctional Institution.  He asserts two claims:  (1) defendants Marc Clements and Captain Pulver subjected him to unsanitary cell conditions, in violation of the Eighth Amendment and state law; and (2) defendants Pulver and Schueler housed him in the same cell with a white supremacist (plaintiff is black) because of another lawsuit that plaintiff had filed, in violation of the Eighth Amendment, the First Amendment and state law.  (Plaintiff does not discuss the "First Shift Sgt." or the "Second Shift Sgt." in the body of his complaint.)  Plaintiff has made an initial partial payment of the filing fee as required by 28 U.S.C. § 1915(b)(1).

      I cannot allow plaintiff's complaint to proceed at this time because it violates Rule

1

20 of the Federal Rules of Civil Procedure.  Under that rule, a plaintiff may not join unrelated claims against different defendants in the same lawsuit.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Because plaintiff's two claims involve different incidents and different defendants, they cannot proceed as part of the same lawsuit.

Under George, I may apply the initial partial payment plaintiff has made to only one of the claims. Plaintiff will have to choose which claim that is. That claim will be the only one assigned to case number 12-cv-896-bbc.

As for the other claim, plaintiff has a more difficult decision.  If he chooses to pursue his other claim separately, he will be required to pay a separate filing fee for the second lawsuit. In addition, plaintiff may be subjected to a separate strike under 28 U.S.C. § 1915(g) for each lawsuit that he pursues if the lawsuit is dismissed for failure to state a claim upon which relief may be granted. As plaintiff may be aware, once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full filing fee except in very narrow circumstances. 28 U.S.C. § 1915(g).

Alternatively, plaintiff may choose to dismiss the other claim voluntarily. If he chooses this latter route, he will not owe additional filing fees or face a strike for the claim he dismisses. Any claim dismissed voluntarily would be dismissed without prejudice, so plaintiff would be able to bring it at another time, so long as he files it within the statute of limitations period.

Because it is not clear at this time which of his claims he will pursue, I have not yet decided the merits of plaintiff's claims or determined whether the allegations satisfy the

federal rules.  Once plaintiff identifies the claim or claims he wants to continue to litigate, I will screen the complaint as required under 28 U.S.C. §§ 1915(e)(2) and 1915A.  Because plaintiff faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

Plaintiff has filed a motion for appointment of counsel as well.  I will address that motion once plaintiff chooses which claims to pursue and I have screened his complaint.

ORDER

IT IS ORDERED that

1. Plaintiff Reggie Townsend may have until February 13, 2013, to identify for the court whether he wishes to proceed with (1) his claim regarding unsanitary conditions in his cell; *or* (2) his claim that he was housed in a cell with a white supremacist under the number assigned to this case.  Plaintiff must pick one and only one of these claims to proceed under case no. 12-cv-896-bbc.

2. Plaintiff may have until February 13, 2013, to advise the court whether he wishes to (1) pursue the other claim under a separate case number; or (2) dismiss the other claim without prejudice so that he may file it at a later date.

3. If plaintiff dismisses the other claim voluntarily, he will not owe a second filing fee. If he chooses to pursue the other claim, he will owe a separate $350 filing fee and will be assessed another initial partial payment.

4. If plaintiff fails to respond to this order by February 13, 2013, I will enter an order dismissing the lawsuit as it presently exists without prejudice for plaintiff's failure to prosecute.

Entered this 31st day of January, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge