IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

REGGIE L. TOWNSEND,

                                                    ORDER
                    Plaintiff,
                                               12-cv-896-bbc
          v.

CAPTAIN PULVER, MARK CLEMENTS,
CAPTAIN SCHUELER, 1ST SHIFT SGT.
and SECOND SHIFT SGT.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Reggie Townsend has filed a proposed complaint under 42 U.S.C. §

1983 about his conditions of confinement while he was housed at the Fox Lake Correctional

Institution.  He asserts two claims:  (1) defendants Marc Clements and Captain Pulver

subjected him to unsanitary cell conditions, in violation of the Eighth Amendment and state

law; and (2) defendants Pulver and Captain Schueler housed him in the same cell with a

white supremacist (plaintiff is black) because of another lawsuit that plaintiff had filed, in

violation of the Eighth Amendment, the First Amendment and state law.  Plaintiff has made

an initial partial payment of the filing fee as required by 28 U.S.C. § 1915(b)(1).

In an order dated January 31, 2013, dkt. #9, I concluded that plaintiff's complaint

violated Fed. R. Civ. P. 20 because his two claims were not related.  In response to that

order, plaintiff has chosen to proceed with his claim that defendants Pulver and Schueler

1

housed him in a cell with a white supremacist and to dismiss his other claim without prejudice to his refiling it at a later date.  Dkt. #10.  Accordingly, I will screen the claim against Pulver and Schueler under 28 U.S.C. § 1915A to determine whether it states a claim upon which relief may be granted and dismiss the other claim.

Unfortunately, I still cannot allow plaintiff to proceed because his allegations do not provide adequate notice of his claim as required by Fed. R. Civ. P. 8.  Accordingly, I will give him an opportunity to amend his complaint to correct this problem.

Although I have summarized plaintiff's claim as being about the decision to house him with a white supremacist, a closer inspection of his allegations reveals that the claim is actually about two different decisions: (1) the decision to transfer the other prisoner into plaintiff's cell; and (2) the refusal to separate plaintiff and the other prisoner after plaintiff complained about the housing assignment. With respect to the first decision, plaintiff says he believes the cell assignment was an attempt to retaliate against him for another lawsuit he filed against prison officials several years ago that ended with a jury verdict in his favor. Townsend v. Allen, No. 05-cv-204-bbc (W.D. Wis.)  He believes it was retaliatory because the other prisoner "was moved from a single cell" to plaintiff's cell "for no reason," everyone knew that the other prisoner was a white supremacist "because it's labeled on his face card" and then, after the other prisoner had assaulted plaintiff multiple times, the other prisoner was returned to the same empty cell from which he was originally transferred. In addition, he says that a correctional officer who was a witness in that case now works at the Fox Lake prison. With respect to the second decision, plaintiff says that he wrote to both defendants

2

Pulver and Schueler (captains in plaintiff's housing unit), but they ignored his letters.

A problem with plaintiff's challenge to the initial decision to transfer the other prisoner is that plaintiff does not identify who was responsible for making that decision. Was it Pulver or Schueler (or both)? Was it the unnamed "First Shift Sergeant" or "Second Shift Sergeant"? Does plaintiff not know who was responsible? Plaintiff does not say. If he knows the name or title of the person or persons responsible, he should file an amended complaint in which he identifies that person or persons. If he does not know, he should say that in an amended complaint. More generally, plaintiff should explain why he included "First Shift Sergeant" or "Second Shift Sergeant" in the caption of his complaint. The body of his complaint includes no allegations about them.

With respect to defendant Pulver's and defendant Schueler's failure to respond to plaintiff's letters, plaintiff should explain what information he included in his letters, when he wrote the letters and whether he was assaulted by the other prisoner after he wrote the letters. This information will help the court determine whether plaintiff has stated a claim upon which relief may be granted.

ORDER

IT IS ORDERED that

1. Plaintiff Reggie Townsend's claim that defendants Marc Clements and Captain Pulver subjected him to unsanitary cell conditions is DISMISSED without prejudice to plaintiff's refiling it at a later date.

2. Plaintiff's claim that prison officials transferred a dangerous prisoner into his cell and failed to respond when plaintiff complained is DISMISSED for plaintiff's failure to provide adequate notice as required by Fed. R. Civ. P. 8.  Plaintiff may have until March 7, 2013, to file an amended complaint that includes the information requested in this order. If plaintiff does not respond by that date, I will construe his silence as a voluntary dismissal of this claim with prejudice and I will assess a strike under 28 U.S.C. § 1915(g)

Entered this 21st day of February, 2013.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge