IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

REGGIE L. TOWNSEND,

                                                                                            ORDER

                 Plaintiff,

                                                                                          12-cv-896-bbc

     v.

MELVIN PULVER and BRIAN SCHUELER,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Reggie Townsend is proceeding on claims that defendants Melvin Pulver and Brian Schueler placed him in the same cell with a white supremacist prisoner and then refused to separate the two prisoners for several weeks after plaintiff complained to retaliate against plaintiff for filing a lawsuit against other prison officials several years ago, in violation of the Eighth Amendment, the First Amendment and common law negligence. Two motions are before the court: (1) defendants' motion for partial summary judgment for plaintiff's failure to exhaust his administrative remedies with respect to his retaliation claim, dkt. #26; and (2) plaintiff's motion for appointment of counsel. Dkt. #25. Because this court does not have authority to compel a lawyer to represent plaintiff, Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007), I have construed his motion as one for assistance in recruiting counsel under 28 U.S.C. § 1915(e)(1).

      I am granting defendants' motion because plaintiff admits that he did not file a

1

grievance about retaliation. In fact, he says that he never intended to bring a separate claim for retaliation in this case, but included those allegations "to explain what may have been the officers['] motive." Dkt. #29. In the future, if plaintiff believes that the court has misunderstood the scope of his claims or anything else he has written, plaintiff should notify the court immediately rather than remain silent.

I am denying plaintiff's motion for assistance in recruiting counsel as premature. As I explained to plaintiff in the order denying his previous motion for assistance in recruiting counsel, a plaintiff must make reasonable efforts to find a lawyer on his own before the court will intervene. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, plaintiff should give the court rejection letters from at least three lawyers. In his motion, plaintiff identifies only one lawyer who has declined his request for representation. Dkt. #25-1.

Even if I assumed that plaintiff's submissions satisfied Jackson, he has not shown that appointment of counsel is necessary in this case. A court will seek to recruit counsel for a pro se litigant only when he demonstrates that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. Pruitt, 503 F.3d at 654-55. In the order denying plaintiff's previous motion, I told him that it is too early in the case to make that determination because his filings to date suggest that he is able to represent himself. Since that order, there have been few new filings, so there is no basis in the record for reevaluating plaintiff's abilities. In his one-paragraph motion, plaintiff's only argument is that he has limited funds, but that is true of almost all

prisoners. If later developments in the case show that plaintiff is unable to represent himself, he is free to renew his motion at that time.

ORDER

IT IS ORDERED that

1. The motion for partial summary judgment filed by defendants Melvin Pulver and Brian Schueler, dkt. #26, is GRANTED and plaintiff Reggie Townsend's retaliation claim is DISMISSED WITHOUT PREJUDICE.

2. Plaintiff's motion for assistance in recruiting counsel, dkt. #25, is DENIED.

Entered this 26th day of July, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge